UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>           Plaintiff,<br><br>      v.<br><br>MOSES LAKE INDUSTRIES, INC.,<br>a Washington Corporation,<br><br>           Defendant. | NO. CV-09-162-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO AMEND** |

Before the Court, without oral argument, are Plaintiff Keybank National Association's ("Key") Motion to Dismiss Amended Counterclaims (Ct. Rec. 40) and Defendant Moses Lake Industries' ("MLI") Motion to Amend. (Ct. Rec. 52.) After reviewing the submitted materials and relevant authority, the Court finds that MLI has not pled its claim for negligent misrepresentation with the requisite particularity, but that it has stated a claim upon which relief may be granted. Accordingly, the Court grants both Plaintiff's and Defendant's motions.

## I. Background

Key filed its Complaint against MLI on February 17, 2009, alleging that MLI breached an oral insurance-swap contract. (Ct. Rec. 1.) On March 10, 2009, MLI filed its Answer and four (4) counterclaims: breach

ORDER ~ 1

of a different contract, negligent misrepresentation, conversion, and breach of fiduciary duty. (Ct. Rec. 7.) On Key's motion, (Ct. Rec. 10), the Court dismissed MLI's counterclaim for breach of fiduciary duty without prejudice because MLI stated it would pursue this claim in state court. (Ct. Rec. 30 at 5.) The Court granted leave to amend the claim for negligent misrepresentation. *Id.* On August 3, 2009, MLI filed its First Amended Counterclaims (Ct. Rec. 33), which Key now moves to dismiss.

The basis for MLI's negligent misrepresentation claim is that a Key representative, Thomas Sortomme, allegedly told MLI employees that MLI could finance its expansion with an industrial revenue bond transaction ("IRB") from the Port of Moses Lake. Mr. Sortomme allegedly assured MLI employees on several occasions that MLI qualified for the IRB. Several months later, the parties discovered that MLI did not qualify for the IRB. Believing it qualified, MLI incurred transactional costs in its application for the IRB, including legal fees for reviewing the application and charges from the City of Moses Lake. (Ct. Rec. 54 at 14, 18.)

Key asserts three (3) reasons why MLI's counterclaim for negligent misrepresentation should be dismissed: 1) MLI has failed to state a claim for which relief may be granted because the negligent misrepresentation claim is an attempt to enforce an "agreement to agree," which is unenforceable under Washington law, (Ct. Rec. 42 at 4-6); 2) MLI failed to plead justifiable reliance on the misrepresentation, *id.* at 7-8; and 3) MLI has not pled negligent misrepresentation with particularity. *Id.* at 9.

ORDER \* 2

**II. Discussion**

**A.   Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the claimant, and must accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

**B.   Agreement to Agree**

The elements of negligent misrepresentation under Washington law mirror the elements in the RESTATEMENT (SECOND) OF TORTS § 552, although Washington courts never adopted section 552 explicitly. *See Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 415–16 (1985); *see also Havens v. C & D Plastics, Inc.*, 124 Wn.2d 158, 180 (1994); *Hoffer v. Washington*, 110 Wn.2d 415, 427–28 (1988); *Habermann v. WPPSS*, 109 Wn.2d 107, 161–62 (1987). These elements are:

> "1)   One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the

ORDER * 3

> > guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> 2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
>   a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
>   b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction."

RESTATEMENT (SECOND) OF TORTS § 552.

Key argues that its representation regarding MLI's qualification for the IRB constituted only an unenforceable agreement to agree. Although agreements to agree may be unenforceable under contract law, this counterclaim is in tort. Nothing in section 552 or in Washington case law requires a claim for negligent misrepresentation to arise out of a valid contract.

Leaving aside justifiable reliance for the moment, Key does not dispute that MLI has pled the section 552 elements of 1) a false statement 2) supplied in the course of a business relationship 3) for guidance in a business transaction and 4) failure to exercise reasonable care in obtaining or communicating the information. According to the

ORDER * 4

pleadings, Mr. Sortomme gave materially false information in the course of Key's business relationship with MLI, and MLI relied on that information in a business transaction to its pecuniary detriment. Key knew that telling MLI it qualified for the IRB would encourage MLI to apply. Key's employee supplied the information directly to MLI employees. Furthermore, the misrepresentation induced MLI to enter pointless transactions that cost MLI money. It hired lawyers to review its IRB application and submitted a doomed application to the Port of Moses Lake. Therefore, aside from justifiable reliance, it is undisputed that MLI has pled the section 552 elements. The absence of an enforceable agreement is not a valid basis for dismissal of a claim in tort.

**C.   Justifiable Reliance**

Under Washington law, a party must rely justifiably on a statement in order to recover for negligent misrepresentation. *See*, *e.g.*, *Transamerica*, 103 Wn. 2d at 415-16. This does not mean that the party must be fault-free in its reliance. Rather, it means only that the party must actually have relied and have had good reason to do so. *See Lawyers Title Ins. Corp. v Baik*, 147 Wn.2d 536, 552 (2002). Justifiable reliance is almost always a question of fact for the jury, unless it is absolutely clear from the face of the pleadings that the party did not rely justifiably. *See Barnes v. Cornerstone Inv. Inc.*, 54 Wn. App. 474, 478-79 (1989).

Key argues that MLI cannot show justifiable reliance as a matter of law, and so its negligent misrepresentation counterclaim should be dismissed. According to Key, it was unreasonable for MLI to rely on Key's statements because financing under the IRB was to come from the

ORDER * 5

Port of Moses Lake, not Key. Additionally, after Mr. Sortomme informed the MLI employees that MLI would qualify, MLI hired outside counsel to review the deal. Finally, MLI's prior experience applying for an IRB with Key indicates that MLI was familiar with IRB financing and so could not have relied justifiably on Key's statements.

The Court concludes that reliance is an issue for the jury in this case. In cases in which parties were found not to have relied justifiably as a matter of law, the facts were much clearer than in this case. For example, in *Hoel v. Rose*, 125 Wn. App. 14, 22-23 (2004), the court found no justifiable reliance on a representation about the size of a parcel of land when the buyer had a full opportunity to inspect it and had contradictory information in his own appraisal. Similarly, Washington courts have found no justifiable reliance as a matter of law when the documents containing the alleged misrepresentation clearly stated that they were drafts and contained explicit disclaimers that they were not to be relied upon. *See ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 832-33 (1998); *Barnes*, 54 Wn. App. at 478-79. In another case, the Washington Supreme Court found that the plaintiff clearly had not relied on an appraiser's representation about the condition of his house because his complaint stated he knew about defects omitted from the appraiser's report when he bought the house, and he did not ask for the appraiser's report until a year later. *Schaaf v. Highfield*, 127 Wn.2d 17, 30-31 (1995).

No comparable circumstances exist here. Indeed, many of the facts in the pleadings indicate that reliance was justified. The parties had a sixteen-year business relationship when this alleged misrepresentation occurred. In 1997, Key encouraged MLI to enter into an IRB transaction

ORDER ~ 6

with a Virginia authority for MLI's facility in Virginia. (Ct. Rec. 48 at 4.) Based on this, MLI claims to have a pattern of reliance on Key in its IRB applications. Mr. Sortomme allegedly persuaded MLI to apply for the 2008 IRB through his assurances that MLI would qualify. *Id.* MLI retained bond counsel to review the 2008 IRB application, but it allegedly did so only because Key said that it would qualify. Key offers no authority for the proposition that retention of counsel *after* a misrepresentation induces a transaction renders reliance on the misrepresentation unjustifiable, and the Court has found none. Furthermore, MLI would not have hired outside counsel at all had it not been misinformed that it would qualify for the IRB.

In sum, construing the pleadings in the light most favorable to MLI, the Court finds that MLI adequately pled justifiable reliance. *Cf. Shah v. Allstate Ins. Co.*, 130 Wn. App. 74, 84-85 (2005) (holding that there was a genuine issue of fact on justifiable reliance when a customer historically relied on his insurance agent for insurance and the agent repeatedly assured him about the adequacy of his coverage). Accordingly, justifiable reliance is a fact question.

**D.  Particularity**

Although the Ninth Circuit never explicitly held that negligent misrepresentation claims must be pled with particularity under Federal Rule of Civil Procedure 9(b), several district courts in this circuit have so held. *See, e.g., Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Glen Holly Entm't, Inc. v Tekronix, Inc.*, 100 F. Supp. 2d 1086, 1093-94 (C.D. Cal. 1999); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997). Negligent misrepresentation claims must be pled with particularity

ORDER ~ 7

because it is necessary for the defendant to be aware of the specific statement at issue in order to prepare a proper defense, as is the case with fraud. In order to meet Rule 9(b)'s requirements, "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted).

In this case, MLI did not plead all the required information in its First Amended Counterclaims. MLI claims that MLI employees Kristin Tofani, Pat Noga, and Michael Harvey met with Thomas Sortomme of Key on January 28, 2008, at MLI's Moses Lake office. (Ct. Rec. 33 at 4.) Further, MLI asserts that at this meeting Mr. Sortomme detailed the requirements to qualify for the 2008 IRB, and asserted that MLI qualified. *Id.* MLI also claims that from January 28 through May 22, 2008, Mr. Sortomme repeatedly told Ms. Tofani, who was doubtful, that MLI qualified for the IRB.

Although MLI pled the time and place of the misrepresentation and the relevant parties for the initial misrepresentation, it did not plead that statement's specific content. The general assertion that Mr. Sortomme explained the requirements to qualify for the 2008 IRB and assured the MLI employees that MLI qualified is insufficient. MLI must plead further what the requirements were and why MLI was supposed to have qualified. With regard to the representations from January 28 through May 22, 2008, MLI must plead the specific dates and places of the misrepresentations.

ORDER ~ 8

**E.   MLI's Motion to Amend**

Once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts commonly consider four (4) factors when determining the propriety of a motion to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, and 4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007); *see also Foman v. Davis*, 371 U.S. 178 (1962) (identifying these factors). Whether to grant leave to amend is within the district court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Seay v. McDonnell Douglas Corp.*, 533 F.2d 1126, 1132 (9th Cir. 1976) overruled on other grounds by *Ellis v. Bhd. of Ry., Airline, and S.S. Clerks, Freight Handlers, Exp. and Station Employees*, 466 U.S. 435, 443 n.7 (1984).

Here, all these factors favor allowing amendment. Key has not argued that MLI's amendments were in bad faith or caused undue delay. Amendment will not prejudice Key in any way. This case is still in its early stages. Discovery is not complete. Finally, as stated above, the Court finds that amendment would not be futile. MLI needs only to plead necessary elements of the alleged misrepresentations with more specificity, which it has done in its Proposed Second Amended Counterclaims. (Ct. Rec. 54, Ex. A at 4-10.) Accordingly, the Court grants Defendant leave to amend.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Dismiss **(Ct. Rec. 40)** is **GRANTED**.

ORDER * 9

2. Defendant's Motion to Amend Counterclaims **(Ct. Rec. 52)** is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this _____11th_____ day of March 2010.


                              S/ Edward F. Shea
                              _____
                                    EDWARD F. SHEA
                              United States District Judge

Q:\Civil\2009\162.dismiss.wpd

ORDER * 10