UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEYBANK NATIONAL ASSOCIATION,

                    Plaintiff,

          v.

MOSES LAKE INDUSTRIES, INC.,

                    Defendant.

NO. CV-09-162-EFS

**ORDER GRANTING THE PARTIES'
STIPULATED MOTION FOR ENTRY OF
PROTECTIVE ORDER**

     On April 2, 2010, the parties filed a Stipulation and [Proposed] Protective Order (Ct. Rec. 69). Based upon the parties' Stipulation, the following protective order is **HEREBY ENTERED:**

     1.   Confidential Information

     "Confidential Information" as used herein shall mean any information disclosed in this proceeding, whether disclosed in an interrogatory answer, during a deposition, by way of a written statement in a document, or otherwise, irrespective of who produced the information, and that relates to the following:

          a.   Trade secret information as defined in the Uniform Trade Secrets Act, RCW 19.108.010;

          b.   Proprietary and competitive business information;

ORDER ~ 1

     c.   Personal information where disclosure of that information would violate that person's privacy; and

     d.   Financial information (including but not limited to tax returns, financial statements, banking records, brokerage records and electronic data containing financial information); and

     e.   Information created by third parties that is protected by copyright, including information prepared by the International Swaps and Derivatives Association ("ISDA").

A "person" shall include any natural person and, where relevant, a corporation, joint stock association, or an unincorporated association. The standard for determining whether a person's privacy would be violated shall be based on whether disclosure of information about the person: (1) would be highly offensive to a reasonable person; and (2) is not of legitimate concern to the public.

Notwithstanding any other provision in this Protective Order, the Order shall not apply to information that is publicly available.

2.   <u>Designating Confidential Information</u>

     a.   Document Designations

A party may designate any document produced in discovery, or within five business days following production, that a party believes in good faith to be confidential by placing the word "CONFIDENTIAL" prominently on the document. A party may also designate confidential documents by identifying in writing to all counsel the Bates numbers of those documents it considers confidential. Even if not designated "CONFIDENTIAL" before production, parties may identify as confidential

any documents produced if they have a good faith basis for such designation at the time the designation is made. Any party may also, at any time, designate as "CONFIDENTIAL" any documents produced by a third party that the party believes, in good faith, to be confidential.

All documents designated as confidential documents, whether by notation on the document or identification by counsel, shall hereafter be referred to as "Confidential Information," and Confidential Information shall not be utilized or disclosed by the receiving party, its agents or its employees, or its consulting and trial experts, except in accordance with the terms of this Order.

b. Depositions

To the extent any Confidential Information is disclosed in a deposition, the parties agree to abide by the terms of this Order with respect to any such Confidential Information, including with regard to designation of testimony as Confidential Information.

c. Burden

The designating party bears the burden of demonstrating that good cause exists for the document to be designated as confidential.

3. Reasonable Efforts

The parties shall use reasonable efforts to designate Confidential Information only as necessary to protect their respective interests. No party shall have any duty to treat any information as confidential if it has not been so designated as detailed herein. If any party inadvertently produces or discloses any Confidential Information without marking it with the appropriate legend, that party must notify the receiving parties

ORDER ~ 3

that the information should be treated in accordance with the terms of this Protective Order. The designation will be effective upon receipt of such notification and will be implemented as soon as reasonable by the receiving party. Disclosure by any party of such matter before notice by any party of the confidential nature thereof shall not be deemed a violation of this Order.

Regardless of whether any information, document, transcript or other thing is designated as confidential, all parties shall comply with the redaction requirements of applicable Court Rules before filing any document with the Court.

4.    Persons Bound By This Order

The persons bound by this Order are:

     a.    All present parties to this proceeding;

     b.    All individuals, corporations or other entities who later appear as parties to the proceeding; and

     c.    The employees, agents, and attorneys of the parties, including counsel of record, experts and consultants.

If additional parties are brought into this litigation, they shall not have access to Confidential Information before executing a copy of the Stipulation and this Protective Order.

5.    Obligations of Persons Bound By This Order

No person bound by this Order shall disclose Confidential Information to any person other than as provided in paragraph 6 below. No person bound by this Order shall use Confidential Information for any purpose other than the prosecution or defense of this proceeding. The

ORDER ~ 4

attorneys of record for the parties to this proceeding shall make the terms of this Order known to all other persons bound by this Order and, together with their clients, are responsible for compliance with this Order.

   6.  <u>Persons Who May Receive Confidential Information</u>

  The only persons to whom Confidential Information may be disclosed by any party are:

    a. Parties;

    b. Attorneys of record for any parties to this proceeding requesting discovery of the Confidential Information, including the paralegal, stenographic, contract, and clerical employees associated with the attorneys;

    b. Members of any party's in-house legal staff, including attorneys, paralegals and staff, who are directly involved in this proceeding;

    c. Third party experts, consultants and investigators who are assisting the parties or the attorneys in this proceeding, however, before disclosure of any Confidential Information, such third parties shall agree to be bound by this Order;

    d. Mediators or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action;

    e. Any person upon the written agreement of the attorneys for the parties, or upon Order of the Court;

ORDER ~ 5

f.    The Court, judges and Court personnel receiving pleadings or testimony related to this matter in compliance with this Order;

g.    Actual and potential lay witnesses; however, before disclosure of any Confidential Information, such witnesses shall agree to be bound by this Order;

h.    Court reporters involved in taking depositions in this case;

i.    Any person who is an author, addressee, or recipient of, or who previously had access to, the Confidential Information.

No Confidential Information may be disclosed, either directly or indirectly, except by prior written approval of the parties or pursuant to an order of this Court (where applicable), except to the persons specified above.

7.    <u>Confidentiality Challenge</u>

If any party to the proceeding believes that designated Confidential Information should not be subject to this Order, the party may provide written notification to the other party. The party providing this notification shall be known as the "Challenging Party" for purposes of this Order. The Challenging Party's notice shall clearly specify the designated information and the reason(s) for the belief that the designated information should not be treated as Confidential Information. The party receiving such notice shall respond within ten (10) days of receiving notice or shall be deemed to waive the confidential designation of the disputed information. Following receipt of any such response, the

ORDER ~ 6

Challenging Party shall provide further notice within ten (10) days as to whether it still challenges the designation as Confidential Information. Upon such further challenge, the party claiming the confidential designation shall have the burden of bringing the dispute before the Court. Such a motion shall be brought within fourteen (14) days of receipt of the latter notification of the challenge from the Challenging Party following response of the designating party. The failure to timely bring such a motion shall deem the confidentiality of the challenged information waived. If the motion is timely filed, the designated Confidential Information shall remain subject to this Order until the Court makes its determination. At the time for hearing any such motion, the party seeking to maintain confidentiality shall have the burden of showing that the information should be treated as Confidential Information pursuant to the terms of this Order.

    8.    Confidential Information at Hearing or Trial

    Any party that files with the Court, or seeks to use at trial, Confidential Information and seeks to have the record containing such information sealed, shall file such materials under seal and simultaneously file a motion to seal in accordance with the applicable Local Rules. The party shall request findings supporting the need for the material to be maintained under seal.

    A party that files with the Court, or seeks to use at trial, Confidential Information, but does not seek to have the record containing such information sealed shall cooperate with any other party in its

efforts, if any, to seek to have the record sealed with respect to any such Confidential Information.

9.   Amendments of Order

Any party may move the court for relief from, or modification of, this Order or the application of this Order. This Order may be amended by the written agreement of counsel for the parties to this Stipulation and any pertinent third parties in the form of a stipulation.

10.   Duration of Order

This Order is intended to regulate the handling of Confidential Information during the entirety of this proceeding and thereafter, and shall remain in full force and effect until modified, superseded or terminated by agreement of all the parties to this proceeding and any pertinent third parties or by order of the Court. This Order shall become effective as between the parties when executed, with or without the Court's entry of same.

11.   Return of Confidential Information

All Confidential Information received from another party shall be returned by such party within thirty (30) days following entry of final judgment or final resolution of this matter or the tolling of any appeal period, whichever is longer. If a party does not demand return of the Confidential Information pursuant to this paragraph, the other parties may instead, after the time period has run, destroy all Confidential Information in their possession and certify to the producing party that all Confidential Information has been destroyed.

One copy of deposition transcripts, including those containing

ORDER ~ 8

Confidential Information, may be retained by the parties subject to continued handling of such transcripts in a manner consistent with paragraphs 5 and 6.

    12.  <u>Miscellaneous</u>

      a.   The information protected by this Order is the substance of the Confidential Information, no matter what form the information is in and no matter how the information might be communicated.

      b.    Recipients of Confidential Information pursuant to this Order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that its confidential nature is maintained.

      c.   If any person in receipt of Confidential Information receives any request, subpoena, or court order seeking disclosure of another party's Confidential Information, such person shall notify counsel for the party that produced the Confidential Information and provide him or her a copy of the request, subpoena or court order. Except in the case of an order requiring immediate production of the requested information, no party may disclose another party's Confidential Information without giving the designating party at least five (5) court days to seek an order governing disclosure of the requested information.

      d.    If any party discloses Confidential Information to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall notify counsel for all parties and shall seek to recover the disclosed information and to prevent further disclosure by the party and the recipient.

ORDER ~ 9

e.    This Order is made to facilitate discovery and the production of discoverable evidence in this action. Neither the execution of this stipulated Order by the parties, the designation of any information as Confidential Information under the Order, the failure to make such designation, or the failure to object to such designation by either party, shall constitute evidence with respect to any issue in this litigation. This Order shall not abrogate or diminish any contractual, statutory other legal right or obligation any party may have with respect to information disclosed in this matter.

f.    Nothing herein shall prevent a designating party from using or disclosing its own Confidential Information.

13. The parties' Stipulated Motion for Entry of Protective Order **(Ct. Rec. 69)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this _____5th_____ day of April 2010.


                        S/ Edward F. Shea
        _____
                        EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2009\162.Stip.Protect.wpd

ORDER ~ 10