UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEYBANK NATIONAL ASSOCIATION,

                Plaintiff,

       v.

MOSES LAKE INDUSTRIES, INC.,
a Washington Corporation,

              Defendant.

NO. CV-09-162-EFS

**ORDER DENYING PLAINTIFF'S
MOTION TO DISMISS**

Before the Court, without oral argument, is Plaintiff KeyBank National Association's ("KeyBank") Motion to Dismiss Second Amended Counterclaims (Ct. Rec. 66.) For the reasons given below, the Court denies KeyBank's motion.

### I. Background

KeyBank sued Moses Lake Industries ("MLI") for breach of an interest rate swap agreement after MLI did not make the scheduled payments. MLI asserted four counterclaims, including negligent misrepresentation. According to MLI, at a January 22, 2008 meeting, a KeyBank employee named Thomas Sortomme erroneously told MLI that it qualified for an Industrial Review Bond ("IRB") with the City of Moses Lake. Armed with false information, MLI applied for the IRB. The application entailed

ORDER * 1

significant legal expenses for eligibility review. Naturally, it transpired that MLI was ineligible. Its transactional fees were in vain: its application was denied.

The Court initially granted MLI's motion for leave to amend to supplement its negligent misrepresentation counterclaim. (Ct. Rec. 30.) Later, the Court granted MLI a second opportunity to amend that counterclaim. (Ct. Rec. 62.) MLI filed its Second Amended Counterclaims on March 18, 2010, and in response KeyBank filed the motion under consideration to dismiss the negligent misrepresentation counterclaim.

## II. Discussion

### A.   Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the claimant, and must accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

### B.   Documents Outside the Pleadings

Both parties submitted documents extraneous to the pleadings in connection with this motion. When ruling on a motion to dismiss, a court

ORDER * 2

ordinarily may not consider matters outside the pleadings without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(b)(6); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But a court may consider documents that are essential to the pleadings and whose validity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

The Court will consider the documents the parties submitted. MLI submitted several of the documents along with its Second Amended Counterclaims. Those documents go to the heart of the negligent misrepresentation counterclaim because they catalog the presentation in which the alleged misrepresentation occurred. The documents KeyBank submitted also are essential to MLI's pleadings. The agreement formalized in those documents was initiated because of the negligent misrepresentation. It also clearly contains a waiver of liability. Any waiver of liability for damages arising out of the agreement could eliminate the counterclaim entirely. Neither party argued that the documents are inauthentic. Accordingly, it is proper to consider those documents at this time.

**C.   MLI's Counterclaim Names the Correct Party**

KeyBank asserts that the Second Amended Counterclaims make clear that KeyBanc Capital Markets ("KBCM"), its corporate affiliate, was responsible for the negligent misrepresentation. The presentation in which the alleged misrepresentation occurred was by KBCM, as indicated by the footer in the outline. (Ct. Rec. 65 Ex. A.)

The Court disagrees. The Second Amended Counterclaim says that Mr. Sortomme, a KeyBank employee, misrepresented to MLI that it was eligible for the IRB. Although the presentation's outline footer includes KBCM's

ORDER * 3

logo, it also includes KeyBank's logo. The Second Amended Counterclaim includes sufficient allegations that KeyBank was responsible for the misrepresentation.

**D.   Justifiable Reliance**

Justifiable reliance is an essential element of negligent misrepresentation. *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 415–16 (1985). According to KeyBank, MLI could not have relied justifiably on the misrepresentation because the presentation outline clearly said that the City of Moses Lake and its bond counsel, K & L Gates LLP, would determine MLI's IRB eligibility. (Ct. Rec. 68 Ex. A at 9.)

Although it is undisputed that the presentation materials said what KeyBank claims they do, the Court cannot determine as a matter of law that reliance was not justifiable. Justifiable reliance is almost always a question of fact for the jury, unless it is absolutely clear from the face of the pleadings that the party did not rely justifiably. *See Barnes v. Cornerstone Inv. Inc.*, 54 Wn. App. 474, 478–79 (1989). Although the documents show that MLI was informed that the City of Moses Lake would ultimately determine whether it qualified for the IRB, MLI alleged that Mr. Sortomme said that it definitely did qualify. There is no suggestion that KeyBank emphasized that MLI should not rely on Mr. Sortomme's representation that it qualified, or that MLI had information that it did not qualify. *Cf. ESCA Corp. v. KPMG Peat Marwick*, 135 Wn.2d 820, 832–33 (1998) (holding that reliance was unjustified when the documents containing the alleged misrepresentations clearly said that they were drafts and contained visible disclaimers that they should not be relied upon); *Barnes*, 54 Wn. App. at 478–79 (same). Moreover, the parties had

ORDER * 4

done business with each other for sixteen years, and in 1997 MLI relied on KeyBank to structure another IRB. Under the circumstances MLI alleges, a reasonable jury could conclude that MLI relied on Mr. Sortomme's representation justifiably, even taking into account the small indication included in the presentation.

**E.  Waiver**

As part of the contract with KBCM, MLI signed a waiver agreeing to hold KBCM harmless for any damages arising out of the underwriting and marketing services that were the subject of the contract. KeyBank argues that the waiver provision bars liability here.

First, the Court must determine whether the waiver provision applies to KeyBank, because by its terms it applies only to KBCM. Later in the same document, it says that the waiver extends also to KBCM's "controlling person[s]." (Ct. Rec. 65 Ex. B at 2.) MLI admits that KeyBank was KBCM's controlling entity, as KBCM was merely a trade name for marketing purposes. Thus, the waiver applies to KeyBank to the same extent it applies to KBCM.

Nevertheless, the Court concludes that the waiver provision does not encompass the alleged negligent misrepresentation. The release applied only to damages arising out of the IRB underwriting and marketing services. For two reasons, the misrepresentation was not part of those services. First, the misrepresentation was antecedent to the services. MLI never would have entered into the agreement at all had Mr. Sortomme never made the incorrect statements. The misstatement was not in connection with the services themselves. It was the reason MLI requested the services. And as MLI notes, KBCM never provided the services because MLI did not qualify for the IRB. Second, KBCM's presentation clearly

ORDER * 5

indicated that the City of Moses Lake and its retained counsel, *not* KeyBank or KBCM, would determine MLI's IRB eligibility. Thus, KBCM itself said that determining the eligibility was not a part of the IRB financing services. Negligent statements about IRB eligibility are therefore not covered by the waiver provision.

Accordingly, **IT IS HEREBY ORDERED:** KeyBank's Motion to Dismiss Second Amended Counterclaims **(Ct. Rec. 66)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this ___17th___ day of May 2010.


_____s/Edward F. Shea_____

                    EDWARD F. SHEA
              United States District Judge

Q:\Civil\2009\162.Dismiss.2.wpd

ORDER * 6